DA 09-0585

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 202N

GERALD A. HEITKEMPER,

      Petitioner and Appellant,

v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DV 08-75
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender, Sarah Chase Rosario y Naber,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

          John Petak, III, Stillwater County Attorney, Matthew Erekson, Special
Deputy County Attorney, Columbus, Montana

Submitted on Briefs:  August 31, 2010

Decided:  September 14, 2010

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Gerald Heitkemper appeals an order of the District Court for the Twenty-Second Judicial District, Stillwater County, denying his petition for postconviction relief. We affirm.

¶3     Gerald raises the following issue on appeal: Whether the District Court erred in denying Gerald's petition for postconviction relief on the basis that the victim's affidavit did not constitute newly discovered evidence.

¶4     Gerald was charged by Information with sexual intercourse without consent and sexual assault, both felonies, against his eight-year-old nephew, D.M. Gerald entered into a plea agreement in August 2002 wherein he agreed to plead guilty to felony sexual assault and the charge of sexual intercourse without consent would be dismissed. Upon pleading guilty, the District Court sentenced Gerald to 15 years with the Department of Corrections with all but three years suspended. The suspended portion of Gerald's sentence was revoked in 2006 because Gerald violated several conditions of his probation. The court sentenced Gerald to serve 12 years at Montana State Prison with no time suspended.

2

¶5 While in prison, Gerald received a signed affidavit from D.M. stating that Gerald was not the person that assaulted him and that D.M. was willing to talk about what he remembered of the incident. On June 23, 2008, Gerald filed a motion to withdraw his guilty plea or, in the alternative, a petition for postconviction relief. The District Court issued an Order on October 20, 2008, denying Gerald's motion to withdraw his guilty plea and dismissing his petition for postconviction relief as improperly filed.

¶6 Gerald re-filed his petition for postconviction relief on November 7, 2008, asserting a claim of "actual innocence" supported by the "newly discovered" evidence proffered in D.M.'s signed affidavit. An evidentiary hearing on Gerald's petition was held on August 10, 2009. At that hearing, D.M, who was then 18 years old, testified that because Gerald is an identical triplet, D.M. was not certain whether he was assaulted by Gerald or by Gerald's brother, Chad. The District Court issued an order on August 28, 2009, denying Gerald's petition on the basis that D.M.'s attestations did not constitute newly discovered evidence since D.M.'s inability to discern whether he was assaulted by Gerald or Chad was known to Gerald before he pleaded guilty to the crime. Gerald now appeals the denial of his petition for postconviction relief.

¶7 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.

¶8 Ordinarily, a petition for postconviction relief must be filed within one year of the expiration of the time for appeal. Section 46-21-102(1)(a), MCA. In this case, the

3

District Court entered Judgment on November 14, 2002. Gerald did not appeal, thus, pursuant to M. R. App. P. 4(5)(b)(i), his conviction became final on January 13, 2003, and Gerald was required to file his petition for postconviction relief on or before January 13, 2004. However, he did not file his petition until more than four years beyond that date.

¶9 There is an exception to the one-year limitation for petitions for postconviction relief that allege the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which he was convicted. Section 46-21-102(2), MCA. In such cases, a petition is considered timely if it is filed within one year of the date on which "the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later." Section 46-21-102(2), MCA.

¶10 Here, D.M. made several statements to law enforcement officers at the time of the initial investigation in this case indicating his confusion as to whether the perpetrator of the assault was his Uncle Gerald or his Uncle Chad. Not only were these statements provided to the defense by the State through discovery, but Gerald's counsel participated in one of the interviews of D.M. wherein D.M. referred first to his Uncle Chad as the person that assaulted him and then later to his Uncle Gerald. Moreover, in the April 10, 2009 evidentiary hearing on Gerald's petition, rather than unequivocally stating that Gerald was *not* the perpetrator, D.M. continued to express his confusion as to whether the perpetrator was his Uncle Gerald or his Uncle Chad since they looked alike.

4

¶11 Therefore, it is manifest on the face of the briefs and the record before us that this appeal must be denied because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion that D.M.'s later attestations in his signed affidavit did not constitute newly discovered evidence.

¶12 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE